**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILSON BAQUERO, <br><br>               Plaintiff, <br><br>     v. <br><br> CITY OF RAHWAY MUNICIPAL COURT, *et al.*, <br><br>            Defendants. | Civil Action No. 26-982 (JXN)(JBC) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Wilson Baquero's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). The Court has reviewed Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application is **GRANTED** and the Complaint is **DISMISSED**.

I.      **BACKGROUND**

Plaintiff alleges his "vehicle and personal property were unlawfully seized for alleged traffic/registration offenses." (Compl. at 3, ECF No. 1.) Plaintiff claims the Rahway Municipal Court ("Municipal Court") and appellate court "continued charges despite prior dismissals and proper appeals." (*Id.*) Plaintiff asserts he submitted "documentation, petitions, and requests for stay," which the Municipal Court ignored. (*Id.*) Plaintiff then states he "recorded the appellate hearing, capturing judicial and prosecutorial misconduct, including intimidation and denial of fair hearing." (*Id.*) Plaintiff further alleges the "[r]epeated application of allegedly vague statutes and

municipal ordinances created an ongoing pattern of harassment inconsistent with constitutional protections." (*Id.*)

Plaintiff sued[1] the Municipal Court, the Municipal Court Judge,[2] the Superior Court Judge who heard Plaintiff's appeal,[3] the Prosecutor,[4] and a Police Officer.[5] (*See generally id.*) He seeks to: (1) vacate "any prior state court judgments that violate Plaintiff's federal constitutional rights"; (2) declare Defendants' conduct unlawful under 42 U.S.C. §§ 1983, 1985, and 1986; (3) enjoin Defendants from "continuing the illegal enforcement pattern"; obtain damages. (*Id.* at 4.) Plaintiff also applied to proceed IFP. (*See* IFP Appl., ECF No. 1-2.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fails to state

---

[1] Though Plaintiff styles this as a removal action, the removal statute permits only the "defendant or the defendants" to remove an action. 28 U.S.C. § 1441(a). Nevertheless, the Court liberally construes Plaintiff's complaint as originally brought in this Court.

[2] The Hon. Roman Montes, C.J.M.C.

[3] The Hon. Christopher F. Struben, J.S.C.

[4] Michele C. Buckley.

[5] Franklin Zelaya.

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

III.    **DISCUSSION**

A.    **The Court Grants the IFP Application**

The decision to grant IFP status "turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). A person need not be "absolutely destitute" to proceed IFP. *Id.* Rather, the applicant "must show the inability to pay the filing and docketing fees." *Id.*

3

Plaintiff has done so here. According to Plaintiff's IFP application, he has $185 in monthly expenses and $0 in monthly income. (*See* IFP Appl.) The Court is satisfied that Plaintiff is unable to pay filing fees. Therefore, the Court **GRANTS** Plaintiff's IFP application.

### B.    The Court Dismisses the Complaint

#### i.    *The Court Cannot Vacate State Court Judgments*

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). This Court lacks jurisdiction to hear appeals of state court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Only the United States Supreme Court may do so. *Id.* Under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). The doctrine applies to cases: (1) brought by plaintiffs who lost in state court; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commenced"; and (4) "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

As best the Court can tell, Plaintiff (1) lost in Municipal and Superior Court before filing this case; (2) alleges the Municipal and Superior Court's judgments violated his constitutional rights; and (3) expressly requests this Court vacate those judgments. Because the *Rooker-Feldman* doctrine precludes this Court from doing so, the Complaint is **dismissed *with prejudice*** to the extent it seeks to vacate state court judgments against Plaintiff.

#### ii.    *The Complaint Fails to State a Claim*

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the

4

. . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

Though the Complaint alleges Defendants illegally seized Plaintiff's property and prosecuted Plaintiff under unconstitutional statutes and ordinances, the Complaint does not identify the property seized, the charges, or the purportedly unconstitutional statutes and ordinances. Without more, the Complaint's "true substance, if any, is well disguised." *Ruther*, 556 F. App'x at 92 (quoting *Simmons*, 49 F.3d at 86). Dismissal, therefore, is warranted.

The Court briefly notes that Plaintiff previously brought an action challenging New Jersey's traffic and motor vehicle laws as unconstitutional infringements on the right to travel. *See Linden Police Dep't v. Baquero*, No. 24-7924, 2026 WL 663816 (D.N.J. Mar. 10, 2026). The Court rejected Plaintiff's challenge, finding that "the right to travel does not and has never included the right to drive a car," and that the government may impose reasonable restrictions on local travel.

5

*Id.* at *3–4. *See also Davis v. Forsdahl*, No. 23-2313, 2026 WL 381747, at *12 (D.N.J. Feb. 11, 2026) ("Just as the Constitution does not include the right to drive drunk, it does not include the right to drive a car without a license, registration, or insurance."). While the Court will grant Plaintiff leave to file an amended pleading, Plaintiff is advised that re-pleading the same "right to travel" theory as before will likely yield the same result.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 1-2) is **GRANTED**; the Complaint (ECF No. 1-2) is **DISMISSED *with prejudice*** to the extent it seeks to vacate a state judgement; and the remainder of the Complaint is **DISMISSED *without prejudice***. Plaintiff shall have thirty days from the date of this Order to file an amended pleading addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED: 7/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

6