**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILSON BAQUERO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RAHWAY MUNICIPAL COURT, *et al.*,<br><br>Defendants. | Civil Action No. 26-982 (JXN)(JBC)<br><br>**OPINION & ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Wilson Baquero's ("Plaintiff") Amended Complaint (ECF No. 8), which he filed *in forma pauperis* ("IFP"). The Court has screened the Amended Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's Amended Complaint is **DISMISSED**.

## I. BACKGROUND

### A. Statement of Facts

Plaintiff claims he "was involved in a dispute involving a vehicle, including allegations that vehicle financing and related documents were created and used without Plaintiff's authorization." (*See* Am. Compl. ¶ 6, ECF No. 8.) Plaintiff alleges he "previously challenged vehicle-related matters through legal proceedings," and the Linden Municipal Court dismissed charges "concerning alleged operation of an unregistered vehicle and expired license allegations." (*Id.* ¶¶ 7–8.)

Despite the dismissals, Plaintiff claims the police pursued "additional enforcement actions." (*Id.* ¶ 9.) On January 16, 2025, Rahway police stopped Plaintiff and searched his car,

which Plaintiff claims was unlawful. (*Id.* ¶¶ 10–12, 15.) Following the January 16, 2025 stop, municipal court records indicate Rahway police charged Plaintiff with improper display/unclear plates, in violation of N.J.S.A. 39:3-33; using fictitious plates, also in violation of N.J.S.A. 39:3-33; driving an unregistered motor vehicle, in violation of N.J.S.A. 39:3-4; driving with an expired license, in violation of N.J.S.A. 39:3-10; driving without a license, also in violation of N.J.S.A. 39:3-10; failure to possess a driver's insurance card, in violation of N.J.S.A. 39:3-29; not maintaining car insurance, in violation of N.J.S.A. 39:6B-2; failure to have an inspection, in violation of N.J.S.A. 39:8-1; and failure to conform to the motor vehicle inspection law, in violation of N.J.S.A. 39:8-9. *See State v. Wilson K. Baquero*, No. E-25-1029 (Rahway Mun. Ct. Sept. 4, 2025).[1]

On September 4, 2025, Plaintiff was found guilty in Rahway Municipal Court of driving an uninsured vehicle, driving without a license or registration, driving with an expired license, driving an unregistered vehicle, displaying fictitious plates, and driving with unclear or improperly displayed plates. *Id.* The Rahway Municipal Court fined Plaintiff $1,228 and suspended his license for a year. *Id.*

Plaintiff allegedly "requested discovery necessary to prepare his defense," which was incomplete. (Am. Compl. ¶¶ 22–23.) Plaintiff asserts he had "video evidence relevant to his defense," which the court did not meaningfully address. (*Id.* ¶ 24.) Plaintiff claims a police officer testified without Plaintiff having the opportunity to challenge that testimony. (*Id.* ¶ 25.) As a result, Plaintiff claims he was found guilty "for a municipal nuisance ordinance after not receiving

[1] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court, accordingly, may consider Plaintiff's "state court proceedings, which are a matter of public record." *McDonald v. Jones*, 427 F. App'x 84, 85 n.1 (3d Cir. 2011).

adequate notice that such a charge would be pursued." (*Id.* ¶ 26.) Moreover, at the proceeding, Plaintiff alleges the municipal judge "stated on the record that sentencing concerning the no-insurance charge would be reserved for one week." (*Id.* ¶ 27.) In Plaintiff's telling, the judge "stated that proof of insurance" could prevent the suspension of Plaintiff's license. (*Id.* ¶ 28.) Yet the New Jersey Motor Vehicle Commission ("MVC") suspended Plaintiff's license the same day, purportedly depriving Plaintiff "of the opportunity represented on the record." (*Id.* ¶¶ 29–30.) Finally, Plaintiff claims that during municipal proceedings and "related enforcement actions," Plaintiff's Social Security number was used and incorporated into records without his consent. (Am. Compl. ¶¶ 16–19.)

**B. Procedural History**

On January 29, 2026, Plaintiff sued the Rahway Municipal Court, the Municipal Court Judge,[2] the Superior Court Judge who heard Plaintiff's appeal,[3] the Prosecutor,[4] and a Police Officer.[5] (*See generally* Compl., ECF No. 1.) Plaintiff also applied to proceed IFP. (*See* IFP Appl., ECF No. 1-3.)

The Court granted Plaintiff's IFP Application and dismissed the Complaint. (*See* Op., ECF No. 6; Order, ECF No. 7.) First, the Court found Plaintiff could not pay the filing fee and granted him IFP status. (Op. at 3–4.) Then, the Court dismissed the Complaint with prejudice to the extent it sought to vacate the state court judgment against Plaintiff. (*Id.* at 4.) The Court dismissed the remainder of the Complaint without prejudice after concluding it failed to state a claim upon which relief could be granted. (*Id.* at 4–5.)

---

[2] The Hon. Roman Montes, C.J.M.C.

[3] The Hon. Christopher F. Struben, J.S.C.

[4] Michele C. Buckley.

[5] Franklin Zelaya.

Plaintiff timely filed an Amended Complaint. (*See* Am. Compl.) This time, Plaintiff sued the City of Rahway, the Rahway Police Department, the Rahway Municipal Court, and the MVC. (*Id.*) He asserts claims against all Defendants for (1) unreasonable search and seizure ("Count I"); (2) violations of his Fourteenth Amendment rights to procedural due process ("Count II"); (3) deprivation of property without due process ("Count III"); and (4) improper handling and use of personal identifying information ("Count IV"). (*Id.*) Plaintiff seeks damages, declaratory relief regarding the alleged constitutional violations, and "an accounting and disclosure" regarding the acquisition, access, and use of his personal identifying information.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP Statute requires the Court to decide *sua sponte* whether the complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings

must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III. DISCUSSION

### A. Constitutional Claims

#### *i. The Municipal Court, Police Department, and MVC are not "Persons"*

Construing the Amended Complaint liberally, the Court deems Counts I, II, and III as brought under 42 U.S.C. § 1983, which provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage," deprives someone of a federal constitutional or statutory right. But only "persons" may be held liable under § 1983. But neither the State, nor any "arm of the State," is a "person" within § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) ("[A] State is not a 'person' within the meaning of § 1983 . . . ."); *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("'States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983." (citation omitted)).

The MVC "is an arm of the state." *Mouzone v. N.J. Motor Vehicle Comm'n*, No. 22-2886, 2023 WL 5624184, at *1 (3d Cir. Aug. 31, 2023) (citation omitted). Likewise, "municipal courts are 'arms' of the State and, therefore, not persons amenable to suit via section 1983." *Archie v. Hamilton Twp. Mun. Court*, No. 19-20975, 2024 WL 3594400, at *6 (D.N.J. July 30, 2024) (collecting cases), *aff'd,* No. 24-2568, 2025 WL 457305 (3d Cir. Feb. 11, 2025); *see also Lynch v. City of Philadelphia*, 440 F. App'x 117, 119 (3d Cir. 2011) (holding "local court defendants that

are 'funded locally,' like the Philadelphia Traffic Court . . . 'are not persons within section 1983.'" (citation omitted)); *Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d Cir. 2000) ("[W]hile it is true that the judicial defendants largely are funded locally, we hold that they are not persons within section 1983."); *Tennessee v. Lane*, 541 U.S. 509, 527 n.16 (2004) (noting the "the provision of judicial services" is "an area in which local governments are typically treated as 'arm [s] of the State' for Eleventh Amendment purposes."). And "[a]lthough local governmental units may constitute 'persons' against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part." *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016).

Because neither the MVC, nor the Rahway Municipal Court, nor the Rahway Police Department are "persons" who may be sued under § 1983, Counts I, II, and III of the Amended Complaint are **dismissed *with prejudice*** as to the MVC, the Rahway Municipal Court, and the Rahway Police Department.

***ii. The Complaint Does Not State a Claim against Rahway***

Municipalities are "persons" who may be sued under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But a municipality "is not vicariously liable for the unconstitutional conduct of its employees." *Hightower v. City of Philadelphia*, 130 F.4th 352, 355 (3d Cir. 2025). Instead, the plaintiff must show the municipality's "choices were the 'moving force' behind the constitutional violation." *Id.* at 356. To show a city's choices were the "moving force" behind a constitutional violation, the plaintiff would "have to show either that the city (1) had an unconstitutional policy or custom or (2) was deliberately indifferent to [the plaintiff's] rights." *Id.* A policy is "an "official proclamation, policy or edict by a decisionmaker possessing final authority." *Id.* A custom is a practice "so persistent and widespread as to practically have the force

of law." *Id.* Deliberate indifference means "a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 357 (citation omitted).

Plaintiff does not identify any unconstitutional Rahway policy or custom. Nor does he show a "pattern of similar constitutional violations" putting Rahway on notice that, by failing to act, it was being deliberately indifferent to Plaintiff's rights. *Id.* (citation omitted). Because Plaintiff fails to state a § 1983 claim against Rahway, Counts I, II, and III are **dismissed *without prejudice*** as to Rahway.

**B. The Privacy Claim**

Count IV alleges Defendants improperly acquired, used, and handled Plaintiff's Social Security-related information and private records "without adequate notice, authorization, or procedural safeguards." (Am. Compl. ¶ 42.) Construing the Amended Complaint liberally, the Court interprets Count IV as arising under either § 1983 or the Privacy Act, 5 U.S.C. § 552a.

Whether statutory or constitutional, Plaintiff's privacy claim fails as a matter of law. Viewed as a statutory claim, Count IV cannot proceed. The Privacy Act provides a cause of action against an "agency" who improperly discloses a person's records without their consent. *See* 5 U.S.C. § 552a(b), (g). But "the Privacy Act does not apply to state or municipal agencies or their employees." *Hatfield v. Berube*, 714 F. App'x 99, 106 (3d Cir. 2017). So, to the extent Plaintiff seeks to recover under the Privacy Act, his claim fails.

Viewed as a constitutional violation, Count IV fares no better. While the Fourteenth Amendment may protect the right "not to have intimate facts concerning one's life disclosed without one's consent," *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 179 (3d Cir. 2005) (citation omitted), "[r]equiring disclosure of a social security number does not so threaten the sanctity of individual privacy as to require constitutional protection," *McCauley v. Comput. Aid, Inc.*, 242 F.

App'x 810, 813 (3d Cir. 2007). If Plaintiff seeks to recover under § 1983, his claim fails. Accordingly, Count IV of the Amended Complaint is **dismissed *with prejudice***.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS** on this **28th** day of September 2026

**ORDERED** that Count IV of the Amended Complaint (ECF No. 8) is **DISMISSED *with prejudice*** in its entirety; Counts I, II, and III of the Amended Complaint are **DISMISSED *with prejudice*** as to the Rahway Municipal Court, the Rahway Police Department, and the MVC, and ***without prejudice*** as to Rahway. Plaintiff shall have fourteen (14) days from the date of this Order to file an amended pleading addressing the deficiencies identified herein.

**JULIEN XAVIER NEALS**
**United States District Judge**